UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN MELLQUIST,

       Plaintiff,

v.                                                            CASE No. 8:13-CV-2939-T-30TGW

STATE OF FLORIDA, et al.,

       Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Doc. 29) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for his complaint against the defendants.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if

the action is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the plaintiff's amended complaint, which is filed on a 42 U.S.C. 1983 form, is a rambling and incoherent document (Doc. 4).  It seemingly attempts to connect his "911 conspiracy theory," which somehow relates to Bowling Green, Ohio, to his arrest and being found incompetent. The thrust of the amended complaint appears to focus on a pending state criminal proceeding.  The plaintiff asks this court "to assume jurisdiction over the criminal process of this case" (id., p. 8).

The Supreme Court has said that, "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." Heck v. Humphrey, 512 U.S. 477, 487 n. 8 (1994).  Abstention under Younger v. Harris, 401 U.S. 37 (1971), is warranted if (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity to raise constitutional challenges. Turner v. Broward Sheriff's Office, 542 Fed. Appx. 764, 766 (11th Cir. 2013).

Accordingly, the Eleventh Circuit held in Turner that the federal court appropriately abstained under Younger from considering a §1983 action because of pending state criminal proceedings.

For these reasons, the plaintiff's amended complaint is not only deficient because it fails to provide a short and plain statement showing entitlement to relief, Rule 8(a)(2), Fed.R.Civ.P., but it is also subject to dismissal under Younger. 28 U.S.C. 1915(e)(2)(B)(ii). However, it is appropriate to afford the plaintiff an opportunity to file a second amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed.R.Civ.P. 15). There are exceptions to the Younger abstention doctrine. Hughes v. Attorney General of Florida, 377 F.3d 1258, 1263 n. 6 (11th Cir. 2004). While no exceptions were discerned in the plaintiff's submissions, he should be afforded the opportunity to make such a showing.

I therefore recommend that the amended complaint be dismissed without prejudice and the Motion for Leave to Proceed In Forma Pauperis (Doc. 29) be deferred pending an opportunity for the plaintiff to file within

30 days a cognizable second amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL _14_, 2014

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).